UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANDER AND BERKOWITZ, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:05CV527 RWS |
| ) | |
| TRANSFIRST HEALTH ) | |
| SERVICES, INC., et. al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. It is clear that this Court does not have jurisdiction to hear this case. As a result, the motion to remand will be granted.

Defendants argue that this Court has jurisdiction over this case based on the new Class Action Fairness Act, 28 U.S.C. § 1332(d) (the "Act"). This case was filed in state court on February 17, 2005. The Act was passed by Congress on February 17, 2005. President Bush signed the Act into law on February 18, 2005. Section 9 of the Act states that, "[t]he amendments made by this Act shall apply to any civil action commenced *on or after the date of enactment of this Act*." (Emphasis added.)

Defendants argue that it is Congress that enacts a law, not the President.

Plaintiff responds that enactment is the process of making an act into a law, which can occur when the President signs an act into law or when Congress enacts a law over a presidential veto. Plaintiff is correct.

The issue before me is what is the date of enactment for the Class Action Fairness Act. I find that the date of enactment of the Act is February 18, 2005, the day when it was signed into law by the President. The United States Court of Appeals for the Tenth Circuit reached the same conclusion in Pritchett v. Office Depot, Inc., 404 F.3d 1232 (10th Cir. 2005) ("The date of enactment of the [Class Action Fairness] Act is February 18, 2005.").[1]

Plaintiff is seeking attorneys' fees to cover the cost of Defendants improper removal. Under 28 U.S.C. § 1447(c), an order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "In making this determination, the key factor is the propriety of the defendant's removal." Lytle v. Lytle, 982 F. Supp. 671, 674 (E.D. Mo. 1997) (citing Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318,

---

[1] Although it is certainly not binding precedent, the parties may recall a popular episode of the television series Schoolhouse Rock" titled *I'm Just a Bill*. In that episode, Bill sang, "I'm just a bill/Yes, I'm only a bill/And if they vote for me on Capitol Hill/Well, then I'm off to the White House/Where I'll wait in a line/With a lot of other bills/For the president to sign/And if he signs me, then I'll be a law/How I hope and pray that he will/*But today I am still just a bill*." (Emphasis added.)

322 (10th Cir. 1997)).  After reviewing the case, it is my determination that an award of attorneys' fees is not warranted.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri.

**IT IS FURTHER ORDERED** that Plaintiff's request for an award of attorneys' fees is **DENIED**.


Dated this <u>19th</u> Day of May, 2005.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE